UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE ACEVEDO,

     Plaintiff,

v.                                                                    Case No. 8:23-cv-2801-LSG

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

The plaintiff Denise Acevedo moves unopposed for an award of $9,000.00 in attorney's fees as the prevailing party under the Equal Access of Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Doc. 26. Acevedo filed a complaint and opening brief seeking judicial review of the Commissioner's denial of her claim for Social Security Disability benefits. Docs. 1, 16. The Commissioner filed a brief in opposition. Doc. 20. I reversed the Commissioner's final decision and remanded the case under 42 U.S.C. § 405(g) for further proceedings, and the Clerk entered a judgement in favor of Acevedo and against the Commissioner. Docs. 23–24.

As the prevailing party, Acevedo timely[1] moves unopposed for an award of attorney's fees and costs under the EAJA. *See* 28 U.S.C. § 2414(d)(1)(A); *cf. Shalala v.*

---

[1] The plaintiff in a social security case has thirty days beyond the sixty-day appeal window to apply for fees and other expenses under the EAJA, for a total of ninety days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); FED. R. APP. P. 4(a)(1)(B). Here, Acevedo timely filed her application for fees on May 20, 2025, Doc. 32, within ninety days after judgment. *See* FED. R. CIV. P. 6(a)(1)(C).

*Schaefer*, 509 U.S. 292, 300–02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party), *superseded by rule on other grounds*, FED. R. CIV. P. 58(c)(2)(B). Included in her requested total are paralegal fees, which are also compensable under the EAJA. 28 U.S.C. § 2412(a)(1) & (d)(1)(A); *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) ("[W]e hold that a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates."). Although the total fees exceed $10,0000, Acevedo agrees to compromise her claim for $9,000. Doc. 26 at 3.

The Commissioner consents to the requested relief. Doc. 26 ¶ 6. Therefore, for the reasons stated by Acevedo, the unopposed motion for attorney's fees under the EAJA, Doc. 26, is **GRANTED**. Acevedo shall receive $9,000.00 in attorney's fees under the EAJA. Unless the Department of Treasury determines that Acevedo owes a federal debt, the defendant must pay the fees to Acevedo's counsel in accord with Acevedo's assignment of fees.[2] *See* Doc. 26-1.

**ORDERED** on this 3rd day of June, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[2] After an order awarding EAJA fees, the United States Department of the Treasury determines whether a plaintiff owes a debt to the government. If the plaintiff has such pre-existing debt, the Government may use the fee award to offset that debt. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010) ("A § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government.").